## Case No. 10,948.

### The PENNSYLVANIA.

### [5 Ben. 253.] [1]

District Court, E. D. New York. June, 1871.

DAMAGES BY COLLISION AT SEA—TOTAL LOSS OF VESSEL.

1. A bark was sunk by a collision with a steamship off the George's Bank, and the steamship was held liable for the damages. The bark was owned in St. John, N. B., and was bound from Glasgow to New York. Evidence was given as to her value, by witnesses from St. John and from New York. The commissioner reported, as damages, the value of the vessel "at the time and place of loss." The claimants excepted to the report on the ground, among others, that the report did not state at what port or place the value of the vessel was fixed, and that the report really gave the value by turning her gold value into currency. *Held* that, where a vessel is lost at sea, proof of her value at the time and place of her loss may in ordinary cases be made by evidence of her value at her last port of departure, or at the place of her destination.

2. The commissioner having taken the lowest value given by any witness as her value in New York, and the witnesses having given their values in currency, the exceptions must be overruled. See [Case No. 10,947].

[This was a libel by the owners of the bark Mary A. Troop against the Pennsylvania, to recover the value of the bark, which was sunk in a collision between the two vessels. A decree was rendered condemning the Pennsylvania, with a reference to a master to ascertain the value of the bark. Case No. 10,947. The cause is now heard on exceptions to the master's report.]

Benedict & Benedict, for libellants.
Beebe, Donohue & Cooke, for claimant.

BENEDICT, District Judge. The libellants are entitled to recover the value of the vessel at the time and place of her loss.

When a vessel is lost at sea, proof of that value may in ordinary cases be made by evidence of her value at her last port of departure, or at the place of her destination. In this case there is no evidence of her value at the last port of her departure. Some witnesses give her value at the residence of her owners, but I consider the evidence of her value at New York, which was the place of destination of the vessel, and a port where the market price is fixed for most other American ports, and the nearest important port to the place of collision, to be the best evidence to show the loss sustained by the libellants, and I have not, therefore, considered the evidence as to her value at St. John as material.

The commissioner has taken the lowest price given by any witness as to her value in New York. I understand the witnesses to have given their answers in currency of the United States, and that the commissioner has made his report in currency upon such evidence, and I see no reason to change it.

I do not consider the sum reported to have been arrived at by a calculation of the premium on gold, and I make no such calculation, but intend to give the libellants what is shown to have been the market value of such a vessel in the port of New York at the time of the loss, in the currency of the United States.

As to the freight, no objection was taken before the commissioner to the evidence of its amount, as given by Mr. Elwell, and his statement must be deemed to have been acquiesced in by the claimant.

It is too late now to question the accuracy of his method of computation, or to ask to reopen the case upon that point.

The exceptions are therefore overruled, and the report confirmed.

[NOTE. An appeal was subsequently taken to the circuit court, where the decree of the district court rendered in Case No. 10,947 was affirmed. Case No. 10,950. On appeal to the supreme court, the decree of the circuit court was reversed, it being held that both vessels were in fault. 19 Wall. (86 U. S.) 125. Thereupon the claimants, not having alleged that they suffered any damages by reason of the collision, moved in the circuit court for leave to amend their answer in that respect. The motion was granted. Case No. 10,951.]